Jose Alfredo **VELASCO–ESTRADA,**
Petitioner,

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,**
Respondent.

No. 01–71567.
INS No. A70 919 601.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 12, 2002.\*

Decided Aug. 15, 2002.

Before SCHROEDER, Chief Judge,
TASHIMA and RAWLINSON, Circuit
Judges.

MEMORANDUM \*\*

Jose Alfredo Velasco–Estrada, a citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' denial of his application for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1252,[1] and we deny the petition.

The BIA's determination that an alien is not eligible for asylum must be upheld if it is " 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.' " *INS v. Elias–Zaca-*

1. Velasco–Estrada was placed into administrative proceedings after April 1, 1997. *See Kalaw v. INS,* 133 F.3d 1147, 1149–50 (9th Cir.1997).

*rias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (citation omitted). "It can be reversed only if the evidence presented ... was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *Id.* When an alien seeks to overturn the BIA's adverse determination, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Id.* at 483–84; *see also Cordon–Garcia v. INS,* 204 F.3d 985, 990 (9th Cir.2000); *Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995).

Where an asylum claim is involved, an alien must show either past persecution or a well-founded fear of future persecution that is "both subjectively genuine and objectively reasonable." *Fisher v. INS,* 79 F.3d 955, 960 (9th Cir.1996) (en banc). Additionally, the claimed persecution must be on account of one of the grounds set forth in 8 U.S.C. § 1101(a)(42)(A). *See id.* at 962.

"[W]e treat the IJ's statement of reasons as the BIA's and review the IJ's decision for abuse of discretion," because the BIA's decision "makes it clear" that it is incorporating the IJ's decision. *Alaelua v. INS,* 45 F.3d 1379, 1382 (9th Cir.1995); *see also Gonzalez v. INS,* 82 F.3d 903, 907 (9th Cir.1996). While Velasco–Estrada may have shown that the guerrillas used violence and threats in attempting to forcibly recruit him, the evidence does not compel the conclusion that he was persecuted on account of his political opinion, if any. *See Elias–Zacarias,* 502 U.S. at 482–83; *Molina–Morales v. INS,* 237 F.3d 1048,

1051–52 (9th Cir.2001); *Cruz–Navarro v. INS,* 232 F.3d 1024, 1029–30 (9th Cir. 2000).

**Petition DENIED.[2]**

---

**2.** Because Velasco–Estrada did not meet the eligibility requirements for asylum, he was not entitled to withholding of deportation either. *See Ghaly,* 58 F.3d at 1429.

